CAMP and others *vs.* NORTON, SLAUGHTER and others.

It is well settled that the title to property sold does not pass to the vendee, when any thing remains to be done in order to ascertain the precise property sold, or the price to be paid.

But whether the kind or the quantity of property has been ascertained, so as to pass the title, are facts to be proved in such case, and cannot, ordinarily, arise upon a complaint properly drawn.

In an action by a vendee, against the vendor, to recover damages for not delivering the property sold, it is only necessary for him to aver, in his complaint, the making of the contract, performance or readiness to perform on his part, and neglect or refusal to deliver on the part of the vendor, after demand, when demand is required by the contract.

Camp v. Norton.

Where the complaint averred that there was a contract made, between the parties for the sale by the defendants to the plaintiffs of two hundred and forty-three bales of cotton at forty-five and three-quarter cents per pound; that on a subsequent day, and while the cotton remained in the possession of the defendants, one hundred and twenty-eight bales were delivered, and that the balance, one hundred and fifteen bales, were destroyed by fire; *Held*, on demurrer, that the complaint showed that at the time of the fire the title of all the cotton was in the plaintiffs; and if they desired to get rid of this legal conclusion, it was their duty to aver such facts as would have shown that in law the title had not passed.

There is no presumption of law that property sold has not been separated, weighed or measured, so as to pass the title. If these acts are not done, it devolves on the party insisting on these omissions, to show them, and thus discharge himself from a liability which would otherwise devolve upon him.

APPEAL by the defendants from an order made at a special term, overruling a demurrer to the first cause of action set forth in the complaint. The complaint alleged,

1st. That the plaintiffs were copartners in business, doing business in the city of New York under the firm name of C. B. Camp & Co.

2d. That the defendants at the times when the transactions, hereinafter mentioned took place, were and they now are copartners in business, doing business in the city of New York under the firm name of Norton, Slaughter & Co.

3d. That on the 4th day of October, 1865, at the city of New York, the plaintiffs and the defendants entered into an agreement, in writing, which was lawfully subscribed by the parties, to be charged thereby, whereby the defendants agreed to sell to the plaintiffs, and the plaintiffs agreed to buy of the defendants two hundred and forty-three bales of cotton at the price of forty-five and three-quarters cents per pound, cash, said cotton being of the following marks and description: [giving the marks.] That at the time of said sale said cotton was in the possession of the defendants in the warehouses numbers 3 and 5 Bridge street, in the city of New York.

That on the 16th day of October, 1865, the defendants commenced the delivery of said cotton to the plaintiffs, and did deliver seventy-one bales of the same, marked "B. S. J." and fifty-seven bales marked "J. B. R." and that on the night of the said 16th day of October all the remaining bales of said cotton, not so as aforesaid delivered, amounting to one hundred and fifteen, bales were destroyed by fire. That at the time said cotton was destroyed by fire, it was worth the sum of sixty cents per pound, and such was its market value. That the plaintiffs were ready to receive said cotton and pay for the same according to their contract, and have sustained damage by reason of the non-delivery of said cotton, according to the contract, to the extent of the difference between the market value of said cotton at the time it was destroyed and the price agreed upon between the parties for the same, amounting to the sum of $8877.89, which sum the plaintiffs had demanded of the defendants, and which they refused to pay. The defendants, Slaughter and Wisdom, demurred to the first alleged cause of action stated in the complaint, on the ground that said complaint, in its said alleged first cause of action, did not state facts sufficient to constitute a cause of action.

On argument, the demurrer was overruled, and judgment given for the plaintiffs, on the demurrer, with leave to the defendants to answer in. twenty days on payment of the costs of the demurrer.

*Aug. F. Smith,* for the appellants. I. The sale of specific chattels passes the property therein to the vendee, without delivery. (*Terry* v. *Wheeler,* 25 *N. Y. Rep.* 524, 525. *Chitty on Cont.* 8th *Am. ed.* 332; *Id.* 5th *ed.* 374, 365. *Pleasants* v. *Pendleton,* 6 *Rand.* 473.

II. There is no differnce in law between a sale and a contract of sale of specific things, so long as the minds of the parties have met. In either case the title passes, and

the property is at the risk of the buyer.   (*Terry* v. *Wheeler*, 25 *N. Y. Rep.* 524, 525.   *Olyphant* v. *Baker*, 5 *Denio*, 382, 383.   2 *Kent*, 492, *marg.   Story on Sales*, § 300.   *Joyce* v. *Adams*, 4 *Seld.* 296, 297.   *Kimberly* v. *Patchin*, 19 *N. Y. Rep.* 330.)

III.  But it is said that the title here did not pass, because something remained to be done by the seller.  The answer to this is, that the complaint does not so aver.  If it were the fact, that the remaining cotton had to be weighed, the plaintiff was bound to prove it, and if he must prove it, he must aver it.  The plaintiff was bound to state and to prove a complete cause of action.  1 *Chit. Plead.* 214.)

IV.  The general rule is, as before stated, that the title to specific chattels passes upon the contract of sale.  Manifestly, if the plaintiffs rely upon an exception, (as that the property required to be weighed by the seller,) they must plead the exception in their complaint.

V.  All the inferences that are to be drawn from the complaint itself, are, that the cotton had been weighed, for how else could the plaintiffs state, to a cent, the amount of the difference between price and value, as they have done?

VI.  There should be judgment for the defendants on the demurrer.

*Samuel E. Lyon*, for the respondents.  The sole point on this argument is whether the complaint states a case, the legal effect of which is to vest the title of the cotton in the plaintiffs; in other words, whether it states an *executed sale*.  The complaint alleges three things: 1.  That on a certain day the parties entered into an agreement in writing, "whereby the defendants agreed to sell and the plaintiffs agreed to buy two hundred and forty-three bales of cotton, '*at the price of forty-five and three fourth cents a pound cash*,'" said cotton being "of the following marks

and description." (Then follows a list of the bales and marks, *with no weights given.*) 2. That the cotton was then in the defendants' possession. 3. That before delivering said cotton, and while in the defendants' possession and unpaid for, a part of it was consumed by fire. In other words, the complaint alleges the usual bought and sold note between the parties of an article of merchandise sold *by the pound, and which required to be weighed* before the sum to be paid by the buyer could be determined. A short examination of the cases cited by the defendants will show that they do not apply to the case before the court as well as that the distinction recognized by them all makes this complaint a good one, and the cause of action alleged in it complete. In the case of *Kimberly* v. *Patchin,* (19 *N. Y. Rep.* 330,) the facts were entirely different. The seller in that case had been made by express agreement the bailee of the purchaser who had paid in part for the property, and taken the seller's receipt for it as follows: " Rec'd in store 6000 bushels of wheat, subject to the order of John Shuttleworth, free of all charges on board. D. O. Dickenson." And then follows a regular bill for the wheat, specifying the payments, and duly receipted. Thereby a perfect sale was completed, the title passed, and the seller became the bailee of the buyer. In the opinion in that case, Judge Comstock says : " The sale to Shuttleworth was by a writing in the form of a present transfer of six thousand bushels at seventy cents—no manual delivery was then made, but *instead thereof* the vendor executed and delivered to the vendee another instrument declaring that he had received in store the six thousand bushels subject to the vendees' order; of the price $2600 was paid down, and the residue ($1600) which was to be paid at a future day, the purchaser afterwards offered to pay, according to the agreement. So far the contract had all the requisites of a perfect sale." Surely no decision based on these facts can affect this case,

and the court in the same opinion declines to be understood as embracing a case like this as within the rule. On page 340, referring to the case of *Gardiner* v. *Suydam*, (3 *Seld.* 357,) they say : " The transfer of a warehouseman's receipt given to the owner was certainly no more than a simple sale note of the spicified number of barrels, and where in such cases that is the whole transaction between vendor and vendee, I have already admitted a doubt suggested by conflicting cases whether the title passes." Even that case was decided without the assent of three of the judges. The case of *Joyce* v. *Adams*, (4 *Seld.* 294,) also cited by the defendants, is a case quite in point in all respects for · the plaintiff. In the remarks of the court in that case relied upon by the defendant, the distinction applicable to this case is clearly recognized. Judge Jewett says : " It is a general rule of law that where a contract is made for the purchase of goods and nothing is said about payment or delivery, the property passes immediately, so as to cast upon the purchaser all future risks—if nothing further remains to be done to the goods—although he cannot take them away without paying the price. But if anything remains to be done on the part of the seller, as between him and the buyer, such as weighing, measuring, or counting out of a common parcel before the goods purchased are to be delivered, until that is done the right of property has not attached to the buyer, and the future risk remains with the seller." In this case it is averred expressly that the contract was for the sale of " two hundred and forty-three bales of cotton at the price of 45¾ cents a pound," so that it was necessary to weigh the cotton before it could be delivered or the price demanded. The precise exception (to wit, weighing) stated by Judge Jewett exists in this case, and brings it within the decision which the court arrived at in that case. And so as to the case of *Olyphant* v. *Baker*, (5 *Denio*, 382.) Judge Beardsley, in qualifying the general rule, that where

nothing remains to be done, in a completed sale, the title passes, says: "When the contract of sale was made, it was impracticable to determine what amount in the whole was to be paid by the purchaser, for that would depend upon the quantity of barley sold, to be ascertained in one of the modes agreed upon. It may, therefore, well be that this contract of sale did not *ipso facto et eo instanti* transfer the right of property to the purchaser." So in this case the amount to be paid could only be determined by weighing the cotton, and this is the precise distinction taken in the case cited. The case of *Terry* v. *Wheeler,* (25 *N. Y. Rep.* 525,) is in accordance with the cases just cited; Judge Selden says: "The authorities are numerous where the expression is used that if any thing remained to be done by the seller the title does not pass, but the cases quoted only go to the length of showing that when something is to be done by the seller to ascertain the identity, quantity or quality of the article sold, or to put it in the condition which the terms of the contract requires, the title does not pass.' In the cases cited by Judge Jewett, on page 297, (4 *Seld.*) the court will find a great variety of decisions, sustaining fully the doctrine that where any thing remains to be done by the vendor in the agreement of sale no property passes, and in many of them the question of the particular thing to be done in this case, to wit, the weighing of the subject matter of the sale, was decisive, in sustaining the fact that no title passed. Therefore until the cotton in this case was actually weighed, and thereby the amount of the consideration ascertained, the title to the cotton did not pass to the plaintiffs. In *Parsons on Contracts, vol.* 1, *p.* 441, the precise point in this case is stated in favor of the plaintiffs' view. He says: "Nor is the sale completed while any thing remains to be done, to determine its quantity if the price depends on this, unless that is to be done by the buyer alone."

Camp *v.* Norton.

Therefore until the cotton in this case was weighed " to determine its quantity," and thereby the amount of consideration ascertained, the title to the cotton did not pass to the plaintiffs under the agreement set out in the complaint.

*By the Court,* MULLIN, J. In an action at common law, by a vendee against a vendor, for damages for not delivering the property sold, in accordance with the contract, it was only necessary to for him to aver, in his declartion, the making of the contract, performance or readiness to perform on his part, and neglect or refusal to deliver on the part of the vendor, after demand, when demand was required by the contract. The same averments in a complaint under the Code would constitute a valid cause of action.

The plaintiff, in the case before us, was not satisfied with averring the facts above specified, but proceeds to aver that during the night after the delivery of a part of the property purchased, the residue was destroyed by fire. Upon the face of the complaint it is made to appear that there was a contract for the sale of two hundred and forty-three bales of cotton at 45¾ cents a pound; that on the 16th of September, following the making of the contract, and while it remained in the possession of the defendants, one hundred and twenty-eight bales were delivered, and the balance, one hundred and fifteen bales, were destroyed by fire. Upon these facts, the title of all the cotton was in the plaintiffs, and if they desired to get rid of this legal conclusion it was their duty to aver such facts as would have shown that in law the title had not passed. The demurrer raised this precise question, and the ruling of the judge at special term, that a cause of action was stated in the complaint, was erroneous. On the contrary, the complaint shows that the whole cotton was at the time of the fire, owned by the plaintiffs.

---

Camp *v.* Norton.

---

There is no rule of law better settled than that the title to property sold does not pass to the vendee when any thing remains to be done in order to ascertain the precise property sold, or the price to be paid. But whether the kind or the quantity of property has been ascertained, so as to pass the title, are facts to be proved in each case, and cannot, ordinarily, arise upon a complaint properly drawn. If, however, the pleader will insert in his complaint allegations not essential to a statement of his cause of action, and which show that he has no cause of action, and there are other facts which, if alleged, would show he had a cause of action, he must set them out, or his complaint, if demurred to, must be declared defective.

There is no presumption of law that property sold has not been separated, weighed or measured, so as to pass title. If these acts are not done, it devolves on the party insisting on these omissions, to show them, and thus discharge himself from a liability which would otherwise devolve upon him.

The order appealed from must be reversed, and an order entered that the defendants have judgment, on the demurrer, unless the plaintiff shall pay the costs of this appeal; and if paid, then he has leave to amend his complaint within twenty days from the service of a copy of this order.

[NEW YORK GENERAL TERM, November 2, 1868. *J. F. Barnard, Mullin* and *Ingraham,* Justices.]